IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RAFAEL PARADA-MENDOZA, ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| v. ) | Criminal Action No.: 1:08-cr-132 |
| ) | Civil Action No.: 1:13-cv-603 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on Petitioner Rafael Parada-Mondoza's Motion to Vacate under 28 U.S.C. § 2255. Dkt. No. 372. For the reasons stated herein, and for good cause shown, the motion is DENIED.

## BACKGROUND

This case arose out of the acts of three Mara Salvatrucha, also known as MS-13, gang members, including Petitioner. On or about December 1, 2007, Petitioner and his co-defendants conspired to murder a rival gang member in order to gain entrance to or maintain or increase their position in MS-13. On December 2, 2007, the defendants murdered one rival gang member and attempted to murder another. Throughout 2007 until about March 14, 2008, defendants also conspired with other gang members to distribute 500 grams or more of cocaine.

On December 18, 2008, the defendants were charged in a seven-count superseding indictment. Dkt. No. 191. Petitioner was charged with conspiracy to commit murder in aid of racketeering, murder in aid of racketeering, attempted murder in aid of racketeering, use of a firearm during the commission of a crime of violence resulting in death, being an illegal alien unlawfully in possession of a firearm, and conspiracy to distribute cocaine. *Id.*

On May 26, 2009, a jury trial commenced, and on June 11, 2009, the jury found Petitioner guilty of all counts on which he was charged. Dkt. No. 281. On October 21, 2009, the Court sentenced Petitioner to two consecutive terms of life imprisonment for counts two and four, 120 months imprisonment for counts one, three, and six, and 240 months imprisonment for count seven. Dkt. No. 313.

On October 21, 2009, Petitioner filed a timely notice of appeal to the Fourth Circuit. Dkt. No. 307. In an unpublished opinion, the Fourth Circuit affirmed. *United States v. Perez-Amaya*, 453 F. App'x 302 (4th Cir. 2011). On May 13, 2013, Petitioner filed the motion to vacate currently before the Court. Dkt. No. 372.

## ANALYSIS

Petitioner seeks to vacate his sentence pursuant to 28 U.S.C. § 2255. A petitioner is entitled to relief under 28 U.S.C. § 2255 only in the extraordinary event that he demonstrates either: (1) a lack of jurisdiction by the convicting court; (2) constitutional error; or (3) legal error so grave as to be "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (citation and internal quotation marks omitted). It is well settled that bare, conclusory allegations are insufficient to entitle a petitioner to relief under § 2255. *See, e.g., United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013), *cert. denied*, 135 S. Ct. 47 (2014).

Petitioner seeks relief based on alleged ineffective assistance of counsel, an alleged violation of the concurrent sentence doctrine, the indictment's alleged failure to provide him with notice, his being sentenced based on facts not presented in the indictment, and the Court's alleged error in excluding a video from evidence and in admitting expert testimony. The Court will examine each of these arguments in turn.

## I. Petitioner Cannot Show that Defense Counsel's Assistance Was Ineffective.

Petitioner asserts that he received ineffective assistance of counsel based upon six grounds, alleging defense counsel's failure to: (1) secure a favorable plea; (2) object to the admissibility of a video; (3) object to the admissibility of expert testimony; (4) object to the sufficiency of the evidence on the conspiracy charge; and (5) conduct a thorough background investigation. Dkt. No. 392.

The Supreme Court articulated a two-part standard for evaluating claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). The first prong requires a showing that counsel failed to provide reasonably effective assistance, that is, that counsel's conduct fell below an objective standard of reasonableness in light of the circumstances at the time. *Id.* at 687–88. This prong presents a high burden because the Court must "presume[] that the defendant's counsel rendered objectively effective performance." *United States v. Dyess*, 478 F.3d 224, 237 (4th Cir. 2007). The second prong requires the defendant to prove prejudice by "show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 693–94. Under this standard, the Court now will address each of Petitioner's arguments.

### a. Counsel's Alleged Failure to Secure a Favorable Plea

Petitioner's first claimed ground of ineffective assistance of counsel is not supported by the law. It is true that counsel had a duty to communicate plea offers to Petitioner, *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and that ineffective advice that leads to a plea offer's rejection may result in prejudice. *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). There is, however, no right to receive a favorable plea offer. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977); *see also United States v. Bissette*, 30 F.3d 131 (4th Cir. 1994) (unpublished opinion) (holding defendant

"had no right to engage in plea negotiations"). It necessarily follows that counsel cannot be deficient, then, for failing to negotiate a plea agreement on terms favorable to the defendant.

In his motion, Petitioner admits that he told counsel he was willing to sign a plea if the government dismissed the murder charge. Dkt. No. 372, ¶¶ 15–16, 18; Dkt. No. 392, ¶ 27. Moreover, Petitioner states that he "at all times made counsel aware of his intentions to plea without assisting the prosecution or cooperat[ing]." Dkt. No. 392, ¶ 6. Despite acknowledging counsel's advice that "the only option to plea included cooperation...against other MS-13 gang members," Petitioner insists that due to the "consequences of becoming a 'snitch'...counsel could have work[ed] a favorable plea without assisting the government." Dkt. No. 392, ¶¶ 5–6. Defense counsel corroborates these statements of Petitioner's intent in his affidavit. Dkt. No. 379, Att. A, ¶ 8–10. The government also confirms Petitioner's unwillingness to "accept key terms that would necessarily have been a part of any plea offer from the government." Dkt. No. 379 at 14. Accordingly, there is no disputed issue of fact and thus no evidentiary hearing is required.

Petitioner's assertions—that defense counsel should have negotiated a plea agreement on the terms stated above—are clearly contrary to the law as there is no right to a favorable plea offer. *See Weatherford*, 429 U.S. at 561. Defense counsel asserts, and Petitioner admits, that he communicated the informal plea discussions with the government to Petitioner "on more than one occasion," as required by *Frye*. 132 S. Ct. 1399; Dkt. No. 379, Att. A, ¶ 8; *see* Dkt. No. 372, ¶ 15–18. Because Petitioner has failed to allege that he was actually offered a plea on terms he would accept, according to his own admissions, defense counsel was not objectively unreasonable for failing to secure him a favorable plea. *Cf. Lafler*, 132 S. Ct. 1376 (holding counsel ineffective for advising to reject plea offer that defendant otherwise would have

accepted, resulting in much more severe sentence). For these reasons, the Court denies this ground for ineffective assistance of counsel.

   b. *Counsel's Alleged Failure to Object to the Admissibility of the Video*

The record shows that, contrary to Petitioner's assertion that defense counsel never raised any objections to the admissibility of the video, defense counsel did in fact object in a Memorandum in Opposition to the Government's Motion in Limine to exclude the video. Dkt. No. 258 Defense counsel also orally argued the motion in court. Trial Tr. 371-80. The Court denied the use of the video as irrelevant and prejudicial. *Id.* at 380-82. Defense counsel sought to introduce the video again during its case-in-chief, but the Court again ruled it was inadmissible. *Id.* at 449-50. Defense counsel also raised the issue on appeal. *United States v. Perez-Amaya*, 453 F. App'x 302, 304 (4th Cir. 2011). Even if defense counsel had not objected to the exclusion of the video, Petitioner would not be able to show the requisite prejudice by the failure to object because the Fourth Circuit ruled that the evidence was properly excluded. *Id.* at 305; *see Strickland*, 466 U.S. at 693-94. Because Petitioner's allegation that counsel failed to object to the admissibility of the video is factually incorrect, as demonstrated by the record, the Court denies this ground for ineffective assistance of counsel.

   c. *Counsel's Alleged Failure to Object to the Admissibility of the Expert Testimony*

It is clear from the record that defense counsel did in fact object to the certification of Detective John Farrell as an expert witness, and conducted an extensive *voir dire*. Trial Tr. 483-94. Over defense counsel's objections, the Court allowed the testimony. *Id.* at 495-96. Defense counsel also raised the issue on appeal. *Perez-Amaya*, 453 F. App'x at 304. As discussed above, even if defense counsel failed to object to the expert testimony, Petitioner would not have been prejudiced because the Fourth Circuit eventually ruled that the testimony was properly admitted.

*Id.* at 306. Because Petitioner's allegation that counsel failed to object to the admissibility of the expert testimony is factually incorrect, as demonstrated by the record, the Court also denies this ground for ineffective assistance of counsel.

### d. *Counsel's Alleged Failure to Challenge the Witness Testimony on the Conspiracy Charge*

Petitioner claims that defense counsel was ineffective because the government's witness testimony was "tainted with lies and speculating conclusions about the events and involvement of petitioner in the conspiracy." Dkt. No. 372, ¶ 10. First of all, Petitioner concedes that "the prosecution presented overwhelming evidence including the testimony of co-defendants directly implicating petitioner in the conspiracy." Dkt. No. 372, ¶ 18. Moreover, the record shows that defense counsel did in fact cross-examine the witnesses who testified as to Petitioner's involvement in the conspiracy. Trial Tr. 1372–82, 2007–09. Based on the record and Petitioner's own admission, defense counsel's assistance was not deficient. The Court therefore must deny this ground for ineffective assistance of counsel.

### e. *Counsel's Alleged Failure to Conduct a Background Investigation*

Petitioner alleges that defense counsel was ineffective because he failed to "conduct a thorough investigation of [Petitioner's] background." Dkt. No. 372, ¶ 14. The cases cited by Petitioner indeed confirm this duty of counsel with respect to *capital* defendants. *Wiggins v. Smith*, 539 U.S. 510, 524 (2003) (citing ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases); *Williams v. Taylor*, 529 U.S. 362, 393, 396–99 (2000) (citing ABA Standards for Criminal Justice). The American Bar Association ("ABA") guidelines and standards have long been cited by the Supreme Court in determining the reasonableness of counsel's performance. *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010) ("We long have recognized that prevailing norms of practice as reflected in American Bar Association

standards and the like ... are guides to determining what is reasonable." (citation and internal quotation marks omitted)); *Wiggins*, 539 U.S. at 524 (same). The ABA Criminal Justice Standards do not contain a standard requiring a thorough background investigation for the sentencing of non-capital defendants. *See* Standard 4.8.1, *available at* http://www.americanbar.org/publications/criminal_justice_section_archive/crimjust_standards_d func_blk.html. The standard only requires counsel to "present to the court any ground which will assist in reaching a proper disposition favorable to the accused. If a presentence report or summary is made available... [counsel] should seek to verify the information contained in it and should be prepared to supplement or challenge it if necessary." *Id.* at (b).

The record shows that Petitioner's counsel fulfilled the above duties. Counsel submitted a position paper on sentencing, which included numerous objections to the presentence report. Dkt. No. 305. He repeated his objections before the Court at the sentencing hearing. Dkt. No. 348 at 78–86. In light of the applicable ABA standard, the Court finds that defense counsel's efforts during the sentencing process were objectively reasonable. Even if counsel had been deficient, there was no prejudice because the Court sentenced Petitioner pursuant to the mandatory minimums required by the convictions and the guidelines. *See* Dkt. No. 348 at 83–85, 90–91. For these reasons, Petitioner's *Strickland* claim on this ground fails.

## II. Petitioner's Concurrent Sentence Violation Claim Fails as a Procedural Matter.

Petitioner alleges that his sentence violated the concurrent sentence doctrine. He has not, however, alleged facts sufficient to set forth a viable claim under the doctrine. Petitioner merely recites the case law, none of which would provide him an avenue for relief. The concurrent sentence doctrine stands for the proposition that, if a conviction on one count is upheld, an appellate court is not required to determine the validity of the conviction on another count upon which there is a concurrent sentence. *United States v. Truong Dinh Hung*, 629 F.2d 908, 931

(4th Cir. 1980) (Russell, J.) (writing for majority on this issue). The Supreme Court has restricted the application of the doctrine "to situations where there is no substantial possibility that the unreviewed conviction will adversely affect the defendant's right to parole or expose him to a substantial risk of adverse collateral consequences." *Id.* (citing *Benton v. Maryland*, 395 U.S. 784, 791–92 (1969).

Even if the concurrent sentence doctrine did apply in this case, Petitioner's claim is procedurally defaulted, as he did not raise it on appeal. Claims that were not raised at trial or on appeal may only be heard on collateral review if they fall within a few narrow exceptions, such as claims of ineffective assistance of counsel or actual innocence. *Massaro v. United States*, 538 U.S. 500, 509 (2003); *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The only other exception for procedurally defaulted claims requires Petitioner to show cause and prejudice, with the latter being defined as an error that "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner has not made such a showing here. Therefore, because Petitioner did not raise his concurrent sentence claim on appeal, it is procedurally defaulted and must be denied.

### III. Petitioner's Claims Challenging the Court's Evidentiary Rulings Are Procedurally Defaulted.

Petitioner alleges that the Court "plainly erred in preventing petitioner from introducing exculpatory evidence and in allowing inflammatory expert testimony that usurped the jury's role as finder of fact." Dkt. No. 372, ¶ 14. Defense counsel raised these exact issues, regarding the admissibility of the video and expert testimony by Detective Farrell, on appeal. App. Br. 23–45. The Fourth Circuit rejected these claims and affirmed this Court's judgment. *United States v. Perez-Amaya*, 453 F. App'x 302, 304–06 (4th Cir. 2011).

It is well settled that a § 2255 motion may not be used to relitigate an issue that has already been decided on direct appeal unless truly exceptional circumstances exist, such as an intervening change in the law. *See, e.g., Withrow v. Williams*, 507 U.S. 680, 720–21 (1993) (Scalia, J., concurring); *see also Davis v. United States*, 417 U.S. 333, 341–47 (1974); *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Petitioner has not alleged any exceptional circumstances to justify relitigating these issues here. For this reason, Petitioner's claim is procedurally defaulted and must be denied.

### IV. Petitioner's Claim that He Was Sentenced on Facts Not Presented in the Indictment or Found by a Jury Is Procedurally Defaulted.

In his final ground for relief, Petitioner claims that he was sentenced on facts not presented in the indictment, triggering the applicable mandatory minimum sentence of life imprisonment. Dkt. No. 372, ¶¶ 42–48; *see* Dkt. No. 191 at 7; 18 U.S.C. § 1959(a)(1). As a preliminary matter, the claim is procedurally defaulted because Petitioner did not raise it on appeal nor does he allege any facts to show that he fits within one of the few narrow exceptions. *See, e.g., Frady*, 456 U.S. at 170.

Even if he had raised it on appeal, Petitioner's references to *Apprendi* and its progeny are unavailing. *Apprendi* prohibits a sentencing judge from finding facts that increase the statutory maximum without those facts being found by a jury beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *United States v. Booker*, 543 U.S. 220, 232 (2005) ("Our precedents...make clear that the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." (citation and internal quotation marks omitted)). In this case, the indictment tracked the language of the applicable statutes. *See* Dkt. No. 191. The jury convicted Petitioner of murder in aid of racketeering, which required a mandatory minimum sentence of

life imprisonment pursuant to the statute listed in count two of the indictment. *See id.*; 18 U.S.C. § 1959(a)(1).

At the sentencing hearing and in his position paper, defense counsel objected to the presentence report's two level enhancement for obstruction of justice on the basis that the underlying facts were not presented at trial or found by the jury. Dkt. No. 305 at 4; Dkt. No. 348 at 78–82. As the government noted, however, even without the enhancement Petitioner's sentencing guideline offense level would still require a minimum of life imprisonment, which the Court subsequently imposed. Dkt. No. 348 at 83, 91. Because this Court sentenced Petitioner to the minimum sentence required by statute, and did not exceed the statutory maximum, *Apprendi* does not apply. For the foregoing reasons, the Court denies this last ground for relief.

## CONCLUSION

For the reasons stated above, and for good cause, it is hereby:

ORDERED that Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Dkt. No. 372) is **DENIED WITH PREJUDICE.**

The Court finds that no hearing is necessary because the instant petition presents no disputed issue of fact. Accordingly, it is hereby ORDERED that Petitioner's Motion for an Evidentiary Hearing (Dkt. No. 372) is **DENIED WITH PREJUDICE.**

This is a final order for purposes of appeal. To appeal, Petitioner must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. Fed. R. App. P. 4(a)(1)(B). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order that Petitioner wishes to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a

certificate of appealability from a circuit justice or judge. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

November 20, 2014
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge